IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 16-60633 |
| CIRCLE Z PRESSURE PUMPING, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| P. O. Box 5513 | § | |
| Longview, TX 75608 | § | |
| EIN: xx-xxx4784 | § | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SCHEDULE A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT.  IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BILL PARKER, UNITED STATE BANKRUPTCY JUDGE:

Circle Z Pressure Pumping, LLC, as Debtor and Debtor-in-Possession, files this Motion (the "Motion") pursuant to Bankruptcy Rule 4001(b) for entry of interim and final orders authorizing the use of Cash Collateral and granting adequate protection. In support of this Motion, Debtor respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This

Motion constitutes a "core" proceeding pursuant to 28 U.S. C. §157(b)(2)(A), (D), (M) and (O).  Venue is proper before this Court pursuant to 28 U.S. C. §1408 and 1409.

## BACKGROUND

2. On October 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues to manage and operate its business as Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.  No trustee, examiner or committee has been appointed in this case at the time of the filing of the Motion.

## ABOUT THE COMPANY

4. The Debtor was originally formed in Texas in 2009.  Its corporate headquarters and home office is located in Longview, Panola County, Texas.  The Debtor's managing member, David Powell, has been with the Debtor since its formed.

5. During Mr. Powell's tenure as managing member, the Debtor saw revenues grow to $69,300,000.00 in its best year.  Revenues in its most recent year were approximately $32,000,000.00.

6. The Debtor is not a public company, with its membership interest being owned by company insiders.

## SECURED LENDERS AND OTHER DEBT

7. The Debtor, as borrower, and Austin Bank are parties to that certain Security Agreement dated approximately January 29, 2013, which grants to Austin Bank a first lien on all accounts, contract rights, chattel paper, instruments, general intangibles, and rights to payment of every kind arising out of the business of the Debtor, as well as all inventory,

raw material, works in progress, and the proceeds thereof. Additionally, the Debtor and Austin Bank have entered into additional security agreements as well as a deed of trust by which the Debtor has granted a first priority lien and security interest in, to and against the majority of its assets. In addition, Community Bank of Longview, Texas holds a lien on all accounts, contract rights, chattel paper, instruments, general intangibles, and rights to payment of every kind arising out of the business of the Debtor, as well as all inventory, raw material, works in progress, and the proceeds thereof. Such lien is junior and inferior to the lien of Austin Bank. Community Bank is also secured by first liens on certain equipment owned by the Debtor. There are other secured creditors holding liens on certain pieces of equipment owned by the Debtor, but none claim an interest in cash or accounts receivable.

8. The approximate amount owed to Austin Bank by the Debtor is approximately $10,058,250.52 as of the Petition Date, plus accrued and unpaid interest, fees, and expenses. The approximate amount owed to Community Bank by the Debtor is approximately $2,015,662.02 as of the Petition Date, plus accrued and unpaid interest, fees, and expenses. The approximate amount owed to all other secured creditors by the Debtor is approximately $2,567,000.00 as of the Petition Date, plus accrued and unpaid interest, fees, and expenses, of which approximately $1,255,000.00 may be insider debt.

9. As of October 11, 2016, the Debtor had on hand the sum of approximately $24,000.00 in cash and owned $4,233,071.66 in outstanding accounts receivables of which approximately $409,000.00 is current and collectible ("the Cash Collateral"). The company's cash, accounts receivable, and proceeds of accounts receivable are subject to the liens under the security agreements with Austin Bank and Community Bank.

10. The Company's other non-insider, unsecured, third-party debt is approximately

$7,614,000.00 as of October 11, 2016, consisting largely of trade debt, but including a tax claim of $778,000.00 which is disputed by the Debtor.

11. The Company has unsecured debt which has been advanced by one or more equity owners or insiders over time in the approximate amount of $386,000.00.

## EMPLOYEES

12. As of the time of the filing, Debtor has 38 employees both salaried and hourly. Salaried and hourly employees are paid every two weeks.

## EVENTS LEADING TO BANKRUPTCY

13. The Debtor's business is exclusively in the oil and gas industry rendering services in the hydraulic fracturing of formations to enhance the recovery of oil and gas. Due to the downturn in oil and gas prices, beginning in 2014, demand for the Debtor's services dropped dramatically and caused the Debtor's revenues to plummet, leading to an inability to pay when due payments on both secured and unsecured debt owed by the Debtor. Although Debtor's business has begun to increase again, pressure brought by unsecured creditors attempting to collect debts owed by the Debtor made it necessary to seek protection of the Court to try to reorganize in a way that will allow it to repay its debts while preserving its business.

## RELIEF REQUESTED

14. Pursuant to the Motion and §361( c) of the Bankruptcy Code, the Debtor seeks interim and final orders authorizing the use of Cash Collateral (as defined above), in which Austin Bank and Community Bank assert a security interest. The Debtor requests authority to use Cash Collateral in accordance with the interim Budget attached hereto as Exhibit "A" (the "Budget") on an interim basis and' in accordance with any subsequent

Budgets hereafter approved by the Court, on a final basis.

15. The relief requested herein is necessary to prevent immediate and irreparable harm to the Debtor's Chapter 11 estate and should provide sufficient funds, on an interim basis, to permit the Debtor to satisfy its payroll and other direct operating expenses as is necessary to continue its operations. Debtor has no source of funds other than from its operations and the collection of its accounts receivable. The Debtor requests approval for interim use of Cash Collateral through October 31, 2016 on an interim basis (the "Interim Order") and thereafter on a permanent basis (the "Final Order") (1) in accordance with the Budget attached hereto as Exhibit A, (2) to pay the actual amount owed any utility company or insurance premiums to protect the property of the estate; (3) for payment of U. S. Trustee's fees; (4) for professional fees and expenses pursuant to orders entered by this Court after appropriate notice and hearing; and (5) for such other purposes as Austin Bank and Community Bank may approve by prior written consent.

## **BASIS FOR RELIEF**

16. The Debtor estimates that, as of the Petition Date, it has cash deposits in various bank accounts totaling approximately $24,000.00 and holds current and collectible receivables of approximately $409,000.00. Additionally, Austin Bank and Community Bank hold liens against the majority of the Debtor's assets, including numerous pieces of Debtor's equipment, cash and receivables. As adequate protection for the interests of Austin Bank and Community Bank in the Cash Collateral, pursuant to 11 U.S.C. §§ 361, 363, 507(b) and 552(b), Debtor proposes to grant to Austin Bank and Community Bank a valid, attached, choate, enforceable, perfected, continuing, and non-avoidable security interest in and lien upon on all accounts, contract rights, chattel paper, instruments, general

intangibles, and rights to payment of every kind arising out of the business of the Debtor, as well as all inventory, raw material, works in progress, and the proceeds thereof ("the Post-Petition Collateral"), with the security interest of Austin Bank being prior and senior to that of Community Bank.  As to the Post-Petition Collateral, the security interests and liens granted to Austin Bank and Community Bank will have the same priority and validity as existed among Austin Bank, Community Bank, the Debtor, and all other creditors or claimants on the Petition Date.

17. The Adequate Protection Liens will be subject to any valid, perfected and unavoidable liens existing as of the Petition Date that are senior to the Lender's prepetition liens, and any valid and senior liens that may arise of be perfected post-petition under § 546(b).  The Adequate Protection Liens will otherwise prime all other liens, including any liens preserved for the benefit of the Debtor's estate under § 551.

18. Pursuant to §363( c)(2)(B) of the Bankruptcy Code, the Debtor requests that the Court authorize and approve the Debtor's use of Cash Collateral for the payment of its limited operating expenses in accordance with the Budget and with subsequently issued Budgets.  To remain in possession of its property, to continue the Debtor's business activities, and to achieve a successful reorganization, the Debtor requests use of the Cash Collateral in its operations.  The Debtor currently has no present alternative borrowing source from which the Debtor could secure additional funding to operate its business.  The Debtor  believes that payment of operating expenses is reasonable and that such payment is for necessary business expenses which must be paid in order to continue the Debtor's business operations.

19. Without the use of Cash Collateral, significant losses will result to the Debtor's

estate and its creditors.

## NOTICE AND REQUEST FOR HEARING

20. Pursuant to Federal Rule of Bankruptcy Procedure 4001, the Debtor has caused a copy of this Motion and the proposed order to be served via e-mail or facsimile upon Austin Bank and Community Bank or their counsel, all others requesting notice known to Debtor, the United States Trustee, and the twenty largest unsecured creditors.

21. The Debtor requests that the Court conduct an emergency, interim hearing on this Motion as soon as possible and that the Court schedule a final hearing on the Motion at least fourteen (14) days thereafter, and at such final hearing, authorize the Debtor's continued use of Cash Collateral pursuant to the budget attached hereto.

FOR THESE REASONS, the Debtor prays that an emergency, interim hearing be held on this Motion as soon as possible, with a final hearing to be scheduled thereafter, and that the Court authorize the use by the Debtor of Cash Collateral on both an interim and a final basis with adequate protection for Austin Bank and Community Bank as set forth herein. The Debtor further requests such other and further relief as this Court may deem just and proper.

Date: October 14, 2016.

          Respectfully submitted,

          LAW OFFICES OF MICHAEL E. GAZETTE

          By:  /s/ Michael E. Gazette
              Michael E. Gazette
              State Bar No. 07784500

          100 East Ferguson Street, Suite 1000
          Tyler, Texas 75702-5706
          (903) 596-9911 Telephone
          (903) 596-9922 Telecopier
          Email: megazette@suddenlinkmail.com

          ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Debtor's Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection has been sent to the United States Trustee, 110 N. College, Suite 300, Tyler, Texas 75702, to Glen Patrick, attorney for Austin Bank and Community Bank, 100 E. Ferguson, Ste. 400, Tyler, Texas 75702, to Tab Beall, attorney for Panola County, P. O. Box 2007, Tyler, Texas 75710-2007, to John T. Richer, attorney for Energy Products, LLC, 320 South Boston Avenue, Ste. 200, Tulsa, Oklahoma 74103-3706, to Laurie Spindler Huffman, attorney for Rusk County, Texas, and Gregg County, Texas, 2777 N. Stemmons Freeway, Ste. 1000, Dallas, Texas, 75207, and on the 20 largest unsecured creditors whose names and addresses appear on the attached matrix via electronic means or First Class U. S. Postal Service on the 14th day of October, 2016.

                              /s/ Michael E. Gazette
                              Michael E. Gazette

t:circlezpressurepumping\mot4cash.collateral